UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAKIM SPILLER,

Plaintiff,

Case No. 26-cv-12722
Hon. Matthew F. Leitman

v.

AGBOR, *et al*.,

Defendants.

____________________________________________________________________________/

**ORDER OF PARTIAL SUMMARY DISMISSAL**

Plaintiff Hakim Spiller is a state inmate in the custody of the Michigan Department of Corrections. He is currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. On August 6, 2026, Spiller filed this *pro se* civil-rights action under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) In the Complaint, Spiller alleges that he was subject to retaliation with respect to his prison job and that he was subjected to harassment in June 2026. (*See id.*) He names as Defendants Corrections Officer Agbor, Grievance Coordinator K. Parsons, and Assistant Deputy Warden Wenzel, and sues the Defendants in both their individual and official capacities. (*See id.*) He seeks declaratory relief, injunctive relief, and monetary damages. (*See id.*) For the reasons explained below, the Court summarily **DISMISSES** some, but not all, of Spiller's claims.

## I

On August 11, 2026, the Court granted Spiller's application to proceed *in forma pauperis* in this action. (*See* Order, ECF No. 5.) Under the Prison Litigation Reform Act of 1996, the Court is required to review and to dismiss *sua sponte* an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is likewise required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of

what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal language or conclusions. *Twombly*, 550 U.S. at 555.

Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

**II**

In his Complaint, Spiller alleges that Defendant Agbor retaliated against him for speaking out about his prison job by sending him to his unit and not allowing

him to work (which may have resulted in the loss of his prison work assignment) and that Agbor is now harassing him and trying to intimidate him by staring at him. (*See* Compl., ECF No. 1.) He also alleges that Defendants Parsons and Wenzel should be liable for Agbor's conduct because they denied grievances that Spiller filed related to Agbor's alleged misconduct. (*See id.*)

**A**

The Court begins with Spiller's claims against Defendants Parsons and Wenzel. The Court concludes that those claims must be dismissed. It is well-settled that a civil-rights plaintiff must allege the personal involvement of a defendant to state a claim under Section 1983 and that the denial of grievances alone is insufficient to establish such involvement. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (affirming dismissal of claims against several defendants where prisoner-plaintiff's allegations against those defendants "involve[d only] their denial of his administrative grievances"); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (holding that "district court properly dismissed" claims against a defendant whose "only involvement was the denial of the appeal of [a] grievance"). Thus, because Spiller seeks to hold Defendants Parsons and Wenzel liable solely because they denied his grievances, his claims against them must be dismissed

**B**

The Court next turns to Spiller's claim of harassment and intimidation brought against Defendant Agbor. Those claims must also be dismissed. As the Sixth Circuit has repeatedly recognized, claims of "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012). *See also Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (explaining that "verbal harassment [is] not punishment that violate[s a prisoner's] constitutional rights); *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) ("An inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation") (internal citation omitted). Here, Spiller's allegations regarding the alleged harassment and threats made against him do not rise to the level of a constitutional violation. Thus, Spiller's claim of harassment and intimidation against Defendant Agbor must be dismissed.

**C**

Finally, the Court concludes that Spiller's remaining claim against Defendant Agbor alleging retaliation may proceed at this time. Nothing in this order precludes Agbor from filing a motion to dismiss that claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addition, to the extent that that claim is brought against

Agbor in his official capacity and seeks declaratory relief, non-prospective injunctive relief, and/or monetary damages, the claim is **DISMISSED** because Agnor is entitled to sovereign immunity. *See Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

**IV**

For the reasons explained above, the Court concludes that Spiller has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to (1) his claims against Defendants Parsons and Wenzel, (2) his claims of harassment and intimidation against Defendant Agbor, and (3) his claims for declaratory relief, non-prospective injunctive relief, and/or monetary damages brought against Agbor in his official capacity. Accordingly, those claims are **DISMISSED**. This case will now proceed against Defendant Agbor on Spiller's retaliation claim only.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 25, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126